UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CONSUMER FRESH PRODUCE, INC.,

                        Plaintiff,

    -v-

SPC ERIE COUNTY FARMS, INC., *et al.*,

                        Defendants.
_____

**DECISION & ORDER**

21-MC-06004-MAV

      This matter is presently before the Court on the second application of Plaintiff Consumer Fresh Produce, Inc. for a writ of execution against Defendants Super Price Choppers Market, Inc. and Super Price Chopper, Inc. ECF No. 4. For the reasons that follow, Plaintiff's second application is granted with respect to Defendant Super Price Chopper, Inc., and denied with respect to Defendant Super Price Choppers Market, Inc.

## BACKGROUND

      In May 2021, Plaintiff properly registered a foreign judgment in this Court. ECF No. 1. The judgment, a Memorandum Order signed by Hon. Susan Paradise Baxter from the United States District Court for the Western District of Pennsylvania, granted Plaintiff's motion for default judgment against Defendants (i) SPC Erie County Farms, Inc., (ii) Super Price Chopper, Inc., d/b/a SPC Erie County Farms, (iii) Super Price Chopper Market, Inc. d/b/a SPC Erie County Farms, and (iv) Robert Guenther. *Id.* at 4. Judgment was therefore entered in favor of Plaintiff against those Defendants "in the principal amount of

1

$83,318.33 plus interest in the amount of $21,093.58 and attorneys' fees in the amount of $36,222.57, for a total judgment amount of $140,634.48." *Id.* By contrast, Judge Baxter denied Plaintiff's motion for default judgment without prejudice against Defendant Super Price Choppers Market, Inc. d/b/a SPC Erie County Farms, on that grounds that that it was unclear from the record whether it had been properly served with process. *Id.* at 3–4.

In November 2024, Plaintiff's first application for a writ of execution (ECF No. 2) was denied without prejudice by text order because "the United States Marshals Service for the Western District of New York requires the name and last known address of each of the judgment debtor(s) that Plaintiff seeks to direct the execution against." ECF No. 3. Plaintiff's second application for writ of execution, filed on January 6, 2025, is now before the Court. ECF No. 4.

## DISCUSSION

Under 28 U.S.C. § 1963, a judgment for the recovery of money entered in any district court may be registered by filing a certified copy of the judgment in any other district when the judgment has become final. "A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." 28 U.S.C. § 1963. Thus, once the foreign judgment has been properly registered, it may be enforced by a writ of execution under Federal Rule of Civil Procedure 69(a).

Rule 69(a)(1) provides that "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord

with the procedure of the state where the court is located . . . ." The various procedures governing the enforcement of judgments in New York are outlined in Article 52 of the New York Civil Practice Law and Rules ("CPLR"). *All. Bond Fund, Inc. v. Grupo Mexicano De Desarrollo, S.A.*, 190 F.3d 16, 20 (2d Cir. 1999). Within Article 52, CPLR § 5230 governs "Executions," and "sets forth the exact procedure a creditor must use to command the Sheriff to execute upon and sell a debtor's property to satisfy a money judgment." *Citibank, N.A. v. Aralpa Holdings Ltd. P'ship*, 714 F. Supp. 3d 416, 447 (S.D.N.Y. 2024) (internal quotation marks and citations omitted).

Here, Plaintiff's application seeks a writ of execution against Defendants Super Price Chopper Inc., and Super Price Choppers Market, Inc. ECF No. 4. Plaintiff has included in its application the date and amount of the judgment, the names of the parties against whom the judgment or order was entered, and the last known address of the judgment debtors. ECF No. 4.

Nevertheless, Plaintiff has not demonstrated that Super Price *Choppers* Market, Inc. is a defendant against whom judgment was entered. As indicated above, while Judge Baxter granted default judgment in favor of Plaintiff against Super Price Chopper, Inc. and Super Price *Chopper* Market, Inc., she denied Plaintiff's motion for default judgment without prejudice against Defendant Super Price *Choppers* Market, Inc., on the grounds that it was unclear from the record whether Super Price *Choppers* Market, Inc. had been properly served with process. ECF No. 1 at 3–4 (emphasis added to stress the singular and plural).

Accordingly, it is hereby

ORDERED that Plaintiff's second application for a writ of execution [ECF No. 4] is GRANTED with respect to Defendant Super Price Chopper, Inc., and DENIED with respect to Defendant Super Price Choppers Market, Inc.; and it is further

ORDERED that Plaintiff shall file an amended writ of execution against Super Price Chopper, Inc. that does not list Super Price Choppers Market, Inc. or other parties against whom Plaintiff has not provided proof of judgment; and it is further

ORDERED that upon receipt of Plaintiff's amended writ of execution, the Clerk of Court is directed to promptly sign and file the writ, and forward it to the United States Marshal for the Western District of New York, along with a copy of this Decision and Order, directing the Marshal to personally serve a copy of the execution on the judgment debtor; and it is further

ORDERED that upon the Clerk's filing of the signed writ, Plaintiff contact the office of the United States Marshal for the Western District of New York at Robert H. Jackson United States Courthouse, 2 Niagara Square, Suite 400, Buffalo, New York 14202, Phone No. (716) 515-3061, for further information regarding the payment of fees via certified check or money order before service of the writ can be effected, and other necessary paperwork that the Marshal may require.

SO ORDERED.

DATED: January 31, 2025
Rochester, New York

*Meredith Vacca*
MEREDITH A. VACCA
United States District Judge